IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JERRY DUANE MORRIS, JR.                                                        PETITIONER

v.                                                                                          No. 2:07CV114-P-A

JAQUELYN BANKS, ET AL.                                                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jerry Duane Morris, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition, and, although the court granted an extension until November 16, 2007, to respond, the petitioner has not done so. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

Jerry Duane Morris, Jr. was convicted of sexual battery of a child under the age of fourteen in the Circuit Court of DeSoto County, Mississippi. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended. On May 3, 2005, the Mississippi Court of Appeals affirmed Morris' conviction and sentence. *Morris v. State,* 913 So. 2d 432 (Miss. App. 2005) (Cause No. 2003-KA-02626-COA). The petitioner did not seek discretionary review in state court by filing a petition for rehearing in the supreme court under MISS. R. APP. P. 40.

On August 12, 2005, the petitioner filed a "Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court. This application was denied on September 7, 2005. The petitioner filed additional pleadings in state court in the nature of a post-conviction prior to the expiration of the limitations period. These pleadings, titled "Motion for Leave of Court" and

accompanying "Motion for Post-Conviction Relief" were signed on June 2, 2006, and stamped as "filed" June 16, 2006.[1]  These two pleadings were treated as a single successive motion for post-conviction and denied June 29, 2006.  The petitioner also filed a "Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court on September 29, 2006 (signed September 13, 2006).  This motion was dismissed as a successive writ by Order filed October 24, 2006.  He filed the instant federal petition for a writ of *habeas corpus* on July 9, 2007.  Morris signed the instant petition July 5, 2007.

## Discussion

Resolution of this matter rests with 28 U.S.C. § 2244(d), which provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Mississippi has adopted the "mailbox rule" for *pro se* prisoners; under this rule, a *pro se* prisoner's post-conviction pleading is deemed filed on the date he submits it to prison authorities for mailing.  *Sykes v. State*, 757 So.2d 997, 1000-1001 (Miss. 2000).  For the purposes of this opinion, the court has assumed that each of the petitioner's pleadings was handed to prison authorities – and thus filed – on the date it was signed.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

As the exceptions of § 2244(d)(1)(B-D) do not apply in this case, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998). The petitioner did not, however, file his federal petition for a writ of *habeas corpus* within the limitations period.

The petitioner did not initiate the first step of discretionary review by filing a motion for rehearing when the Mississippi Court of Appeals affirmed his conviction and sentence. Thus, the petitioner stopped the appeal process and prevented himself from pursuing further direct review in the Mississippi Supreme Court or in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). As such, the petitioner's conviction became final – and the statute of limitations for federal *habeas corpus* relief began to run – when the time for seeking further direct review in the state court expired, fourteen days after his conviction was affirmed on direct appeal. *See* MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). The petitioner's conviction therefore became final on May 17, 2005 (May 3, 2005 + 14 days), which set the initial deadline for federal *habeas corpus* to May 17, 2006.

The petitioner did, however, benefit from statutory tolling by filing a state motion for

post-conviction relief on or before the May 17, 2006, deadline. On August 12, 2005, he filed an application for state post-conviction relief (as contemplated by 28 U.S.C. § 2244(d)(2)). *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). That application tolled the federal limitations period during the 43 days it was pending, from July 26, 2005 (the date he signed it and presumably submitted it to prison officials) through September 7, 2005 (the date the application was denied). This tolling moved the federal *habeas corpus* deadline to June 29, 2006 (May 17, 2006 + 43 days).

The petitioner also benefitted from statutory tolling due to two other state post-conviction pleadings, a "Motion for Leave of Court" (signed April 2, 2006) and accompanying "Motion for Post-Conviction Relief" (signed June 2, 2006). Both were stamped as "filed" June 16, 2006. These pleadings were treated as a single successive motion for post-conviction relief and denied on June 29, 2006. The court shall thus consider these motions (which were treated as one) to have been filed with the state court as of April 2, 2006 – the earlier date.[2] Accordingly, the limitations period was tolled for an additional period of 88 days – the number of days that the motion for leave of court was pending (April 2, 2006, through June 29, 2006), thereby moving the federal *habeas corpus* deadline to September 25, 2006 (June 29, 2006 + 88 days).

Finally, the petitioner benefitted from yet a third state post-conviction application filed September 29, 2006 (but signed September 13, 2006). This motion was dismissed as a successive writ by Order filed October 24, 2006, and, using the signing date as the filing date under Mississippi's mailbox rule, the motion tolled the statute an additional 41 days. *Sykes v. State*, 757

---

[2] The state used the later date, June 2, 2006, in its calculation of the number of days these two pleadings tolled the statute. The court has, instead, used the earlier date for the reason set forth above. The court's calculation extended the limitations period enough to render the petitioner's September 13, 2006, post-conviction pleading timely, which tolled the statute further still. The court's interpretation, while giving the petitioner the benefit of more tolling than the state's interpretation, did not render the instant petition timely.

So.2d 997, 1000-1001 (Miss. 2000). This last tolling period extended the federal *habeas corpus* deadline to November 6, 2006 (September 25, 2006 + 41 days + 1additional day (because the 41st day fell on Sunday)). FED. R. CIV. P. 6.

Under the *federal* mailbox rule, the instant *pro se* petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the petition was signed on July 5, 2007, and stamped as "filed" in the district court on July 9, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 241 days after the November 6, 2006, deadline. As the petitioner was not actively misled or prevented in some extraordinary way from asserting his rights, he has not proven any "rare and exceptional" circumstances to warrant equitable tolling. The petitioner has benefitted from statutory tolling, but not equitable tolling. However, even with statutory tolling, the petition was untimely filed. As such, the instant petition for a writ of *habeas corpus* must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE